FILED
2004 Dec-13 PM 12:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                     MIDDLE DIVISION

JOYCE FAYE JOHNSON,            }
                               }
     Plaintiff,                }
                               }    CIVIL ACTION NO.
v.                             }    04-AR-2987-M
                               }
UBS FINANCIAL SERVICES, INC.,  }
f/k/a UBS PAINE WEBBER         }
                               }
     Defendant.
```

### MEMORANDUM OPINION

The court has for consideration the motion of plaintiff, Joyce Faye Johnson, to amend her complaint so as permanently and irrevocably to limit her claim to a figure less than $75,000. She simultaneously renews her motion to remand her above-entitled case which was removed by defendant, UBS Financial Services, Inc., from the Circuit Court of Etowah County, Alabama, pursuant to 28 U.S.C. § 1332, upon its allegation that the citizenships of the parties are diverse and that the jurisdictional amount of $75,000 exists. The complaint sought actual damages in an amount less than $75,000, but included claims for emotional distress and punitive damages without affixing an *ad damnum*. Plaintiff's motions appeared on the court's December 10, 2004, motion docket.

Based on the averments in the notice of removal, the court temporarily gave defendant the benefit of the doubt that was created by plaintiff herself by being ambiguous about the damages she thinks are recoverable. But the court invited plaintiff to

eliminate the ambiguity in the event she did not intend to seek, and will not accept from defendant, as much as $75,000, no matter what theory or theories of liability she pursues in the state court.

Recognizing a clear distinction between the diversity removal of a case in which the complaint on its face unequivocally seeks a figure of more than $75,000 (even with no factual allegations to support it), and a case in which the complaint claims an indeterminate amount of various types of damages (with or without a factual basis for a potential recovery in excess of $75,000), this court routinely allows a disclaimer by the second above-described plaintiff for the purpose of removing all doubt and giving plaintiff the right forever and a day to concede that his or her claim is for less than $75,000, and therefore, to have the case restored to plaintiff's chosen forum.  Under such circumstances, a defendant's short visit to this court by the filing of a notice of removal has been worth something, and the defendant should not be penalized for forcing a permanent limitation on plaintiff's claim. Accordingly, such a defendant is not to be taxed with the costs of an erroneous removal as if its removal had been improvident in more than the formal sense.

A separate order of remand will be entered.

DONE this 13th day of December, 2004.

                                                                                    /s/ William M. Acker, Jr._____
                                                                                    WILLIAM M. ACKER, JR.
                                                                                  UNITED STATES DISTRICT JUDGE